PER CURIAM.
Robert A. Stok seeks to reverse a final order denying his motion for fees pursuant to section 57.105, Florida Statutes (2003). We reverse.
During the course of dissolution litigation between Mogens Moller [Husband] and Deborah Ann Moller [Wife], the trial court issued an order on October 11, 2001, which stated, in pertinent part, that “if the husband pays attorney fees for himself, he shall pay the same amount for wife’s counsel.” [R.324]. Thereafter, the Husband’s sister paid for her brother’s attorney’s fees owed to his counsel, Robert A. Stok. Learning of this the Wife, through her counsel, Daniel S. Kaplan, filed a Motion to Disgorge Fees from Stok. Ultimately, the parties entered into a mediated settlement agreement, pursuant to which each party agreed to be responsible for his or her own attorney’s fees. The trial court entered final judgment in March 2003, adopting and ratifying the settlement agreement, but reserving jurisdiction to rule on the still pending motion to disgorge fees.
Stok filed a motion for summary judgment and a motion for attorney’s fees pursuant to section 57.105, asserting that the still-pending Motion to Disgorge Fees was not supported by the facts or then existing law. The trial court granted Stok’s summary judgment motion but denied the motion for fees on the basis that the Motion to Disgorge Fees paid to Stok by the sister was not filed in bad faith.
We conclude, however, that the motion for section 57.105 fees should have been granted because there was no justiciable issue upon which to base the Motion to Disgorge Fees. The Wife’s attorney knew or should have known that the claim as contained in the Motion to Disgorge Fees was not supported by the facts or by application of then existing law to those facts. After the parties agreed pursuant to the mediated settlement agreement to be responsible for their own fees there was no factual or legal basis for pursuit of the Motion to Disgorge Fees.
Accordingly the trial court’s August 11, 2003 Order denying Stok’s motion for section 57.105 sanctions is reversed. The cause is remanded with instructions to grant Stok’s motion seeking section 57.105 attorney’s fees.